Lipscomb,,!.
The answer of the surveyor does not appear to have been verified by affidavit; and it is said in Bracken v. Wells and others, that although our statute docs not, in exceptions, require the application for a mandamus to be verified by oath, yet, on general principles, they ought to he so verified. (3 Tex. R., 92.) But we are not aware that it has ever been decided by tills court that the answer must be sworn to. Formerly, by the common law, the answer to a rule for a mandamus could not lie controverted; its verity could not he questioned in that suit. (Fitzhugh v. Custer, 4 Tex. R., 393. AVlien the common-law rule prevailed it would seem that the answer ought to he verified by oath. But the common-law rule lias not been introduced into onr practice, (see case last cited,) and with us there cannot lie the same necessity for verifying it by oath, because its truth is subject to lie. controverted in the same action. But if it were admitted that as a general rule the answer ought to be sworn to, yet it might well allow of exceptions where the answer, as in this case, refers to sufficient matter of record in the office of the officer who is called upon to show cause, why a mandamus should not issue to justify him in his refusal; and to show good grounds why it ought not to issue, it is believed that an affidavit would not be absolutely essential to its verity. It might be otherwise if it sot np matter in pais as an excuse for not doing wliat lie had been asked to do by the petitioner.
The next ground questions the sufficieiiey of the answer as to the matter therein contained affording a defense. The plaintiff in error contends that when the surveyor was called upon to make the survey by a person wishing to avail himself of the pre-emption law. all that he had a right to require of the applicant was that lie should make the affidavit specified in the statute, and that the affidavit, when made, is conclusive on the surveyor as to the land required to be surveyed being vacant and a part of the public domain. Article 2130, I-Iart. Dig-., provides, ‘‘That ail individuals,who have settled upon and “improved, or may hereafter settle upon and improve, a portion of the vacant “public domain, which lias been neither filed upon, entered, located, nor “surveyed, by virtue of some genuine, legal, and valid certificate, or other “ evidence of title to land, previous to such settlement and improvement, shall “liave the privilege of locating- and surveying a tract of land, not exceed- “ iug three hundred and twenty acres, so as to include said settlement and “improvement, in preference to all other claims or claimants.” And in article 2135, among other tilings, it is provided, “And on application being “ made by sncli settler to a surveyor to have his land surveyed to include his “improvements, lie shall not be compelled to furnish the surveyor with any “land certificate, but lie shall take an oath, which maybe administered to “him by said surveyor, that lie believes lie is settled upon vacant land, as “contemplated in the first section of this act, upon which the snrvey, not “ exceeding three hundred and twenty acres, may be made, and the field-notes “shall he returned, with the aforesaid affidavit of the settlor, to tile comity “surveyor of the eountv in which the land lies,” &c. It is very clear that the law above cited did not extend its privileges to a settler upon any but the vacant public domain which hart not been filed upon, entered, located, nor surveyed by virtue of some genuine, legal, and valid certificate, or other *191 evidence of title to land previous to such settlement. The records of the surveyor's ohico showed- that the land iu question was not iu a condition to be settled upon and surveyed for a claimant of a pre-emption. They showed that it liad been surveyed under a grant from the tí tato of Coalmila and Texas, and fie w;;l’ierefore, fully justified in refusing'to survey it, because it had been surveyed uml -r a claim of title 1o the. land. This title may not be valid, but' xc is presumed to be so, and is not subject to be claimed under the pre-emption law until a competent tribunal had adjudged tho grant and survey void. It was not im.-nded that the question of tho validity of the grant should be determined l>> the affidavit of tho, applicant for the privileges of the pre-emption. And ¡he affidavit was not- designed to supply evidence that the land was subject to claimed as vacant, bnt'it was designed lo supply tlio place of a cenii-icalo required in other cases. Had tho answer stopped with wlmt was apparent from ¡he records and papers of his office, showing that the land had been previously surveyed under a grant to Val Mora, it would have been sufficient lo have prevented the issuance of the peremptory mandamus. Oil tho plaintirCs contesting tiie return, and alleging that the grant was invalid, and that tiie land was really vacant, the cause would have been continued, and that issue could have been tried, but, not until tiie parties interested adversely bad been cited and made parties. If tho plaintiff would not aslc to have such parties mode, or refused to have them made, when it was ruled that they were necessary to any judicial action oil their rights, tiie court was right in dismissing the petition. That all the parties in interest should be made parties in a proceeding by mandamus lias been settled by this court iu tiie ease of Smith v. Power. 2 Tex. R., 68; Commissioner General Laud Office v. Smith, 5 Tex. R., 471; Bracken v. Wells, 3 Tex. R., 88. Wo believe, therefore, that there is no error in the judgment of the court below and it is affirmed.
Judgment affirmed.
Note 73. — Tabor v. Commissioner, 29 T., 508.