MRS. TUCKER'S FOODS, Inc., Appellant,

v.

Robert S. CALVERT et al., Appellees.

No. 10437.

Court of Civil Appeals of Texas.

Austin.

Nov. 21, 1956.

Rehearing Denied Dec. 12, 1956.

Fulbright, Crooker, Freeman, Bates & Jaworski, Lowell B. Hays, C. W. Wellen, M. S. McCorquodale, Houston, for appellant.

John Ben Shepperd, Atty. Gen., W. V. Geppert, L. P. Lollar, Asst. Attys. Gen., for appellees.

ARCHER, Chief Justice.

This suit was filed by appellant against appellees to recover a sum of money alleged to have been wrongfully collected from appellant.

The case was tried by the court without a jury and judgment rendered for appellees.

The court made findings of fact and conclusions of law and we believe that the record and law as found are correct.

The appeal is founded on two points as follows:

"First Point: Error of the Trial Court in granting judgment against the Appellant and in favor of the Appellees, for the reason that the statute in question (Art. 7047f, Rev.Civ.St. of Tex.) is unambiguous, and a consideration of the said statute, without the aid of the extrinsic evidence complained of in Appellant's Second Point clearly shows the Legislature's intent that 'prize and award taxes' should be limited to the particular field of theatres and places of amusement, thereby excluding the Appellant (a manufacturer of shortening) from the operation of said statute.

"Second Point: Error of the Trial Court in admitting into evidence the testimony of J. G. Pope (the Director of the Cigarette, Occupation and Amusement Tax Division of the Office of the Comptroller of the State of Texas) concerning 'departmental construction' of the statute in question."

Article 7047f, Vernon's Ann.Civ.St., is in part as follows:

"(a) Every person, firm, or corporation conducting a theatre, place of amusement, or any business enterprise in connection with the operation of which a prize in the form of money or something of value is offered or given to one or more patrons of such theatre, place of amusement, or business enterprise, and not given to all patrons thereof paying the same charge for any certain service, commodity, or entertainment, shall make a verified monthly report on the twenty-fifth day of each month to the Comptroller of Public Accounts of the State of Texas, showing the amount of money so given in prizes, and the value of all prizes or awards so given in connection with such business during the next preceding month.

"(b) There is hereby levied a tax equal to twenty per cent (20%) of the value of all such money, prizes, and awards given in connection with the operation of each and all of the foregoing business enterprises, and at the time of making the report to the Comptroller of Public Accounts, the owner or operator of any such business shall pay to the State Treasurer such tax upon the total amount of money, prizes, and awards so given during the next preceding month. The tax herein levied shall be a joint liability of the owner and operator of such business, and, in the event any person engaged in any business operated in the manner hereinabove mentioned shall fail or refuse to pay said tax on or before the twenty-fifth day of each month, he shall forfeit to the State of Texas not less than Twenty-five Dollars ($25) nor more than One Hundred Dollars ($100) for each violation, and each day's delinquency shall constitute a separate offense. The State of Texas shall have a prior lien for all delinquent taxes and penalties on all property used by the owner or operator of any such business, and the Attorney General of the State of Texas may file suit for the collection of such tax and penalties in any District Court of Travis County, Texas, and for the foreclosure of such lien, and may enjoin the operation of

any such business until such tax is paid."

■ Since both appellant and appellees submit that the statute is unambiguous we shall endeavor to ascertain from the language of the Act itself the legislative intent without resort to departmental construction.

■ The appellant contends that the rule of *ejusdem generis* should be applied and that the phrase "or any business enterprise" limited to such places as theatres and places of amusement. We do not believe that the language of the statute construed as a whole will support this contention. The phrase is in the disjunctive and that the meaning is that any business enterprise, in connection with the operation of which a prize in the form of money or something of value is offered or given is subject to the tax if the other prerequisites of tax liability are present. The legislature did not define the phrase "any business enterprise" and it will be given its ordinary significance.

■ Article 10, V.A.C.S.; Hime v. City of Galveston, Tex.Civ.App., 268 S.W.2d 543, error ref. n. r. e.

In the Hime case the Court was construing the phrase "for any reason."

It is reasonable to believe that the Legislature intended to impose this tax upon any business enterprise, in addition to theatres and places of amusement which are also business enterprises from the context of the Act as a whole. The statute provides "and not given to all patrons thereof paying the same charge for any certain service, commodity or entertainment."

A theatre or place of amusement does not charge for service or for a commodity, but charges for entertainment. The appellant makes a charge for a commodity. In sec-

tion (b) of the taxing statute levying the tax these words are used: " * * * and, in the event any person engaged in any business operated in the manner hereinabove mentioned shall fail or refuse to pay said tax * * *" shall be subject to a penalty. The tax is equal to 20% of the value of all such money, prizes and awards given in connection with the operation of each and all of the foregoing business enterprises.

■ We believe the statute to be plain and unambiguous and that the rules of statutory construction are not applicable but improper.

■ It is our duty to uphold a statute in such a manner as to make it effective if it is fairly susceptible of such interpretation. 39 Texas Jur. pp. 205–216; Huntsville Independent School Dist. v. McAdams, 148 Tex. 120, 221 S.W.2d 546; Calvert v. Phillips Chemical Co., Tex.Civ.App., 268 S.W.2d 478, error ref.

■ The appellant distributes its products through retail stores and some of the containers had coupons of the recited value of 15 cents, 25 cents, 50 cents or $1.00. Not all of the containers had coupons and it was only after a purchase had been made and an examination had that the purchaser was able to determine if the container had enclosed a coupon or the value thereof. All purchasers paid the same price, regardless of whether it contained a coupon or the value of such.

There appears to us to be no question but what the purchasers of appellant's products were its patrons in the generally accepted use of such word.

The judgment of the trial court is affirmed.

Affirmed.