Mark L. KOPESKI, Applicant,

v.

John MARTIN, Judge, 9th Judicial District Court and Joe Corley, Sheriff, Montgomery County, Respondents.

No. 68929.

Court of Criminal Appeals of Texas, En Banc.

Feb. 17, 1982.

Murry B. Cohen, Houston, for applicant.

James H. Keeshan, Dist. Atty. and William H. Behler, Jr., Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for respondents.

## OPINION

ROBERTS, Judge.

Kopeski has filed in this court an original application for a writ of mandamus to the respondent judge and sheriff, or a writ of habeas corpus. His basic complaint is that he is being denied time credits, to which he is entitled, against his misdemeanor sentence.

He alleges that he "served two days in the county jail immediately upon his ar-

rest." He was indicted for the third-degree felony offense of theft but, according to the certified copy of the judgment and sentence which is attached to the application, "the Court on its own motion reduced the offense to the misdemeanor offense of Theft, Class 'A'." On October 16, 1981, the applicant waived his right of trial by jury and pleaded guilty. The trial court heard evidence, found the applicant guilty, and assessed punishment at "confinement in the Montgomery County jail for 21 days, with credit allowed for jail time previously served, to be served Jan. 4–25, 1982 and a fine of Seven Hundred Fifty ($750.00) dollars. and restitution of $500.00 to Virgil Foster, Gulf States Utilities, Conroe, Texas, payable [today]." (Punctuation *sic*) It was therefore adjudged that the applicant was guilty of class A misdemeanor theft, "that he be punished by confinement in the Montgomery County jail for 21 days, with credit allowed for jail time previously served, and a fine of Seven Hundred Fifty dollars, and restitution of $500.00 and that the State of Texas do have and recover of the defendant $111.00 cost of court . . . ."

The sentence was pronounced on the same day. It ordered that the applicant "be delivered to the Sheriff of Montgomery County to be confined in the Montgomery County jail for 21 days, with credit allowed for jail time previously served; sentence to be served from 1/4/82 until 1/25/82." The sentence further ordered that the applicant pay the fine, restitution, and costs.

The applicant alleges that he has paid the fine, restitution, and costs. He alleges that he reported to the jail on January 4, 1982, that he has "worked every day since," and that he "has had no incidents of misconduct resulting in loss of good time or work time." He alleges that the respondents have told him that they will detain him until January 25, 1982. He also alleges that two sheriff's deputies "having responsibility for operating Montgomery County jail" have told his counsel "that they will detain [him]" for the entire 21 days, as ordered in the sentence.

The applicant argues that his sentence should have been satisfied on January 10, 1982, if he had been given the credits to which he was entitled for the two days he served in jail when he was arrested and the credits to which he was entitled under V.A. C.C.P. Article 43.10 (for doing manual labor) and V.A.C.S. Article 5118a (for good conduct). On January 11, 1982, we granted leave to file the application, and we ordered the applicant released on personal bond which was conditioned on his obedience to our final order.

The respondents have filed an unverified answer in which they deny that the applicant served two days in jail when he was arrested; they claim that he was confined for only part of one day. They make other allegations of fact about the plea-bargaining process in the theft case, but these will not be material to our disposition of this application.

The application presents four claims for mandamus relief: that the trial judge had no authority to command the sheriff to deny time credits, that the sheriff has a duty to credit the applicant for two days of pre-trial confinement, that the sheriff has a duty to credit the applicant for manual labor, and that the sheriff has a duty to credit the applicant for good conduct. We can sustain only the first claim.

Before 1978, this Court's mandamus powers were limited to the enforcement of its own jurisdiction. *See, e.g., Bradley v. Miller*, 458 S.W.2d 673 (Tex.Cr.App.1970). On January 1, 1978, Article V, Section 5, of the Texas Constitution was amended to give this Court the general power to issue the writ of mandamus in criminal law matters. *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex. Cr.App.1978). The amendment to Article V, Section 5, which took effect on September 1, 1981, retained this mandamus power regarding criminal law matters such as the one now before us. We have jurisdiction of the subject matter. We also agree with the applicant that he has no other remedy than mandamus, at least on his first claim.

Three principles of mandamus law control the disposition of the applicant's claims. The first is that a writ of mandamus will issue only to compel the perform-

ance of a ministerial duty, but it will not issue to compel a discretionary act. *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980); *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr. App.1979); *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.1978). A second principle is, "In mandamus actions greater certainty of the pleadings and the facts to be established by modes appropriate in appellate courts [is] required. * * * Every fact necessary to show why the relator is entitled to the relief sought must be set out in the petition clearly, fully, and unreservedly, by direct and positive allegations. The facts material to the proceeding must be presented by such a positive statement of knowledge by affiant(s) as would constitute a basis for a charge of perjury if the facts were found to be untrue." *Wright v. Valderas*, 575 S.W.2d 405, 407 (Tex.Civ.App.—Fort Worth 1978, no writ). *Accord*, 37 *Texas Jurisprudence 2d* "Mandamus," Sections 96–97 (1962). A third principle is that, when application is made to an appellate court which has limited fact-finding abilities, the writ must not depend on the determination of a doubtful question of fact. 37 *Texas Jurisprudence 2d* "Mandamus," Section 66 (1962) (Texas Supreme Court will not exercise mandamus jurisdiction if writ depends on disputed question of fact). *Cf. Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967) (Court of Criminal Appeals has no effective procedure for fact-finding). We shall apply these principles to the applicant's claims for mandamus relief.

His first claim is that the trial judge had no authority to command the sheriff to deny time credits. This claim is well taken. The respondent judge pronounced in the sentence that the applicant should "be delivered to the Sheriff of Montgomery County to be confined in the Montgomery County jail for 21 days, with credit allowed for jail time previously served; sentence to be served from 1/4/82 *until 1/25/82*." The emphasized words have the effect of making it impossible for the applicant to receive

time credits under V.A.C.C.P. Article 43.-10(6) or V.A.C.S. Article 5118a. The former statute creates an entitlement to credits against a misdemeanor sentence to jail: "For each day of manual labor, in addition to any other credits allowed by law, a prisoner is entitled to have one day deducted from each sentence he is serving." The latter statute gives the sheriff authority to grant time credits: "Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge." The trial judge had no authority to place a limit on the operation of these statutes by fixing the time for the discharge of the sentence. *Cf. State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex.Cr.App.1971) (only sheriff, not judge, has authority to grant commutation under Article 5118a). His authority was only to pronounce sentence. "The sentence is that part of the judgment ... that orders that the punishment be carried into execution in the manner prescribed by law." V.A.C.C.P. Article 42.02. The sentence pronounced against the applicant went beyond the "carrying into execution" of the punishment, and it interferes with its "execution in the manner prescribed by law." The respondent judge had a ministerial duty not to pronounce a sentence that was unauthorized by law. *See State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.1978). He may comply with this duty by pronouncing an amended sentence which omits the words "until 1/25/82."

The applicant next claims that the sheriff is denying him credit for two days of pre-trial confinement. The respondents' unverified answer alleges that the applicant was confined for only one day before trial.[1] Although a petition for mandamus must be verified, there seems to be no definite rule on whether the answer must be verified. *Seagraves v. Scarborough*, 190 S.W. 1154, 1156 (Tex.Civ.App.—San Antonio 1917, no writ). It is settled that an unverified gen-

---

1. Attached to the answer are some copies of an arrest report and a jail record, which are "certified" by a notary public to be true copies. We know of no authority for a notary public to certify documents, as distinguished from taking an acknowledgement or administering an oath. We have not considered these documents.

eral denial will not prevent the court from accepting the allegations of the petition as true. *Burgemeister v. Anderson*, 113 Tex. 495, 259 S.W. 1078 (1924). But in this case we have, not a general denial, but specific allegations of controverting and additional facts which are not verified. At least in the absence of a motion to strike the answer,[2] we think that the answer was sufficient to create an issue of fact. As the Supreme Court has pointed out, the common law requirement of a verified answer to a mandamus petition "has not been introduced into our practice". *Watkins v. Kirchain*, 10 Tex. 375, 379 (1853) (alternative holding). An alternative reason for us to decline to exercise our mandamus jurisdiction is that the relief can be granted in another court. Since the trial court should pronounce a corrected sentence in the applicant's case, as we have held above, it can take the opportunity to state in the sentence the exact number of days' credit to which the applicant is entitled for pre-trial confinement. *See Guerra v. State*, 518 S.W.2d 815, 817 n. 4 (Tex.Cr.App.1975); V.A.C.C.P. Article 42.03, Section 2(a).

The applicant's third claim is that the sheriff has failed to perform a duty to give him credit for manual labor. The application fails to allege facts necessary to show the existence of such a duty. The applicant would rely on V.A.C.C.P. Article 43.10(6), which says, "For each day of manual labor, in addition to any other credits allowed by law, a prisoner is entitled to have one day deducted from each sentence he is serving." The application alleges only that the applicant "has worked every day since reporting to jail January 4, 1982"; it does not allege that he has done any manual labor.

The applicant's fourth claim is that the sheriff has failed to perform a duty to give him credit for good conduct. The applicant would rely on V.A.C.S. Article 5118a, the pertinent part of which says, "Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge." This statute does not create a duty in the sheriff to award certain credits for good conduct; it only gives the sheriff discretion to award such credits. In its terms the statute is more discretionary than the former statute in felony cases,[3] which we have held required only that the director of the Department of Corrections consider prisoners for good time classifications, not that he award certain amounts of good time credits. *Gardner v. State*, 542 S.W.2d 127 (Tex.Cr.App.1976); *Ex parte Enriquez*, 490 S.W.2d 546 (Tex.Cr.App.1973). Therefore the writ of mandamus will not issue to compel the discretionary act of awarding certain good conduct credits. Of course, a sheriff has a duty to consider each inmate's conduct for such credits, and consideration must be given equitably. *See Ex parte Williams*, 589 S.W.2d 711 (Tex.Cr.App.1979). Therefore we deny the applicant's request for a mandate that he be awarded certain good conduct credits. We presume that the sheriff will faithfully carry out his duty to give the applicant fair consideration for such credits.

The only request remaining to be considered is the alternative prayer for a writ of habeas corpus. In this state of the case, we see no justification for the issuance of such an original writ.[4]

If the respondent judge will pronounce an amended sentence that complies with the duty discussed in this opinion, then we shall refrain from issuing the writ of mandamus. If the applicant will appear before the respondent judge at his direction for such sentencing, then the condition of the bond will have been performed. Then the

---

2. Cf. *Chaffin v. Drane*, 131 S.W.2d 672 (Tex. Civ.App.—El Paso 1939, no writ) (petitioner moved to strike unverified answer, but motion was moot because answer did not create issue of fact).

3. 1949 Tex.Gen.L. ch. 21, formerly V.A.C.S. art. 6184*l*, repealed by 1977 Tex.Gen.L. ch. 347, sec. 6. See now V.A.C.S. art. 6181–1.

4. Persons who are confined on misdemeanor charges may apply to the county judge for a writ of habeas corpus. V.A.C.C.P. art. 11.09.

sentence may be executed, and applicable time credits may be applied by the sheriff.

It is so ordered.