

# The Attorney General of Texas

September 19, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
.,uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Fred Toler
Executive Director
Texas Commission on Law Enforcement
   Standards and Education
220-E Twin Towers Office Bldg.
1106 Clayton Lane
Austin, Texas    78723

Opinion No.   JM-73

Re:   Whether   sheriff   may
reduce   jail   time   pursuant   to
article   5118a,   V.T.C.S.,   for
time   inmate   serves   prior   to
judgment

Dear Mr. Toler:

You ask three questions concerning a sheriff's authority and discretion to award good time credits pursuant to article 5118a, V.T.C.S., and the effect of such an award on other allowances or credits.

You first ask whether a sheriff may include a deduction based on the time an inmate is confined to jail prior to judgment and sentence in his commutation for good conduct.

Article 5118a, V.T.C.S., provides in pertinent part:

> Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge.  A deduction in time not to exceed one (1) day for each day of the original sentence actually served may be made from the term or terms of sentences when no charge of misconduct has been sustained against the prisoner.

The statute grants a sheriff discretion in such an award.  <u>Kopeski v. Martin</u>, 629 S.W.2d 743, 746 (Tex. Crim. App. 1982).

Article 4.03, section 2(a) of the Code of Criminal Procedure applies to all criminal cases and provides that

> the judgment of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, from the time of his

arrest and confinement until his sentence by the
trial court.

This provision is mandatory in giving credit for time served after
arrest but prior to sentencing.  Jones v. State, 545 S.W.2d 771, 772
(Tex. Crim. App. 1975).

When the two statutes are considered together, it is apparent
that pre-judgment time is to be treated as part of the original
sentence and as such may be considered for good time credit.  Case law
supports this conclusion.  In Kopeski v. Martin, supra, the court
stated that an inmate is entitled to credit for good conduct under
article 5118a for time served prior to sentencing to a term in the
county jail.  Likewise, the absence of a formal sentence may not be
used to deny a prisoner credit under the statute.  Ex parte Minjares,
582 S.W.2d 105, 109 (Tex. Crim. App. 1978).  See also Gardner v.
State, 542 S.W.2d 127, 130 (Tex. Crim. App. 1976); Attorney General
Opinion C-310 (1964).  Accordingly, we conclude that a sheriff may
award good time credits under article 5118a for time served prior to
sentencing to a term in the county jail.

Your second question concerns whether a sheriff must consider
pre-judgment time for good time credit in order to prevent denial of
equal protection.

Since we have recognized that pre-judgment time is considered
part of the sentence for purposes of commutation, it follows that all
time actually served must be given equal weight.  A sheriff must
"consider each inmate's conduct for such credits, and consideration
must be given equitably."  Kopeski v. Martin, supra, at 746.  Denial
of equal protection is likely to result if only post-sentencing time
is considered for good time credit.  See Pruett v. State of Texas, 470
F.2d 1182 (5th Cir.), aff'd, 414 U.S. 802 (1973).

Your final question is whether an award of good time credit
precludes any other time allowance or credits such as manual labor
credit.

Article 5118a provides in part that:

> No other time allowance or credits in addition to
> the commutation of time for good conduct herein
> provided for may be deducted from the term or
> terms of sentences.  (Emphasis added).

This limitation has remained a part of the statute since it was first
enacted.  See Acts 1955, 64th Leg., ch. 461, §1, at 1183.

Where a statute is unambiguous, the language is determinative of the legislative intent. <u>Mrs. Tucker's Foods v. Calvert</u>, 296 S.W.2d 787, 789 (Tex. Civ. App. - Austin 1956, writ ref'd n.r.e.). There is nothing ambiguous or unclear about this provision. It plainly states that, where an inmate accumulates credits for good behavior, no other credits will be allowed.

The legislative history of the most recent amendment to the statute is further evidence that the legislature intended to so limit credits for jail sentences. The original version of the bill as passed by the Texas House of Representatives changed this part of article 5118a to read:

> <u>Except as provided in Article 43.10, Code of Criminal Procedure, 1965, as amended, no</u> [No] other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences.

Engrossed Third Reading of House Bill No. 647, Bill File for House Bill No. 647, 67th Leg., Legislative Reference Library. However, the final version, passed by both houses, left the sentence as it read when article 5118a was enacted by the Fifty-fourth Legislature. <u>See</u> V.T.C.S. art. 5118a. The only reasonable conclusion is that a county jail inmate may receive good time credits under article 5118a, V.T.C.S., or manual labor credits under article 43.10, Code of Criminal Procedure, but not both.

## S U M M A R Y

A sheriff may award good time credits pursuant to article 5118a for time served prior to sentencing. He must give equal consideration to all time served in order to avoid denial of equal protection. Where good time credits are awarded, no other credits are allowed.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Jim Moellinger
Nancy Sutton