

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Sam D. Millsap, Jr.
District Attorney
Bexar County Courthouse
San Antonio, Texas    78205

Opinion No. JM-436

Re: Computation of good time credits under article 5118a, V.T.C.S., and manual labor credits under article 43.10, Code of Criminal Procedure

Dear Mr. Millsap:

You request our opinion in regard to time credits which may be awarded to a prisoner sentenced to county jail. Your particular concern is whether a county inmate may receive good time credits under article 5118a, V.T.C.S., or manual labor credits under article 43.10 of the Code of Criminal Procedure or both. Two prior opinions have addressed this problem and have reached different conclusions. See Attorney General Opinions JM-73 (1983); MW-497 (1982).

Article 5118a, V.T.C.S., provides in part:

> Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one (1) day for each day of the original sentence actually served may be made from the term or terms of sentences when no charge of misconduct has been sustained against the prisoner. . . . No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences. (Emphasis added).

The statute grants a sheriff discretion in making such an award. See Kopeski v. Martin, 629 S.W.2d 743, 746 (Tex. Crim. App. 1982). On the other hand, article 43.10 of the Code of Criminal Procedure provides in part:

> Where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine

and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall be required to do manual labor. . . .

. . . .

6. For each day of manual labor, <u>in addition to any other credits allowed by law</u>, a prisoner is entitled to have one day deducted from each sentence he is serving. (Emphasis added).

Attorney General Opinion MW-497 (1982) discussed House Bill No. 647 of the Sixty-seventh Legislature which amended both article 43.10 of the Code of Criminal Procedure and 5118a, V.T.C.S. <u>See</u> Acts 1981, 67th Leg., ch. 708, at 2647. The opinion concluded that when the legislature added the above underlined language of article 43.10, which was a totally new provision, that language should be read together with the above underlined portion of article 5118a; and therefore concluded that a prisoner would be entitled to both good time credits <u>and</u> manual labor credits so long as it would not exceed two-thirds of his sentence. <u>See</u> Attorney General Opinion MW-497 (1982).

However, a year later, the attorney general considered the question again in Attorney General Opinion JM-73 (1983). In this opinion, the office considered additional legislative history, and concluded that the Sixty-seventh Legislature intended to limit credits for jail sentences. <u>See</u> Attorney General Opinion JM-73 (1983). The attorney general reasoned that the language "[n]o other time allowance or credits" in article 5118a was a limitation which has remained a part of the statute since it was first enacted in 1955 and was clear and unambiguous. <u>Id.</u> The additional legislative history revealed that the Texas House of Representatives sought to change this language, but the final version, which was passed by both houses, left the sentence intact. <u>See</u> Engrossed Third Reading of H.B. No. 647, Bill File for H.B. No. 647, 67th Leg., Legislative Reference Library. Accordingly, the conclusion was that a county jail inmate may receive either good time credits under article 5118a, V.T.C.S., or manual labor credits under article 43.10 of the Code of Criminal Procedure, but not both. Attorney General Opinion JM-73 (1983).

We believe that Attorney General Opinion JM-73 (1983) is correct and agree with its holding. To the extent Attorney General Opinion MW-497 (1982) conflicts with this holding, it is overruled.

## S U M M A R Y

A county jail inmate may receive good time credits under article 5118a, V.T.C.S., or manual

labor credits under article 43.10 of the Code of Criminal Procedure, but not both. Attorney General Opinion MW-497 (1982) is overruled to the extent it conflicts with this result.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General