

# THE ATTORNEY GENERAL
## OF TEXAS

July 10, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Kenneth H. Ashworth            Opinion No. JM-744 .
Commissioner
Coordinating Board                 Re: Whether an institution of higher
Texas College and University       education is required to consider
  System                           applications from all health main-
P. O. Box 12788                    tenance organizations in determining
Austin, Texas    78711             what coverage to offer its employees

Dear Mr. Ashworth:

You ask about the proper interpretation of certain language contained in provisions of the Texas State College and University Employees Uniform Insurance Benefits Act, codified as article 3.50-3 of the Insurance Code. Your request concerns the methods to be employed in selecting Health Maintenance Organizations (HMOs) to provide health-care services to eligible public college and university employees and retirees. Specifically, you note that section 4(b)(4)(D)(iv) of article 3.50-3 requires public colleges and universities to offer to their employees the option of participating in an HMO in lieu of the more traditional types of health insurance offered pursuant to the act.

The relevant section of the act states:

> The institution shall select and contract for services performed by health maintenance organizations that are approved by the federal government, if available, or by the State of Texas, if available, to offer health-care services to eligible employees and retired persons in a specific area of the state. Eligible employees and retired persons may participate in a selected health maintenance organization in lieu of participation in the health insurance benefits under this Act, and the employer contributions provided by Section 13 of this Act for health-care coverage shall be paid to the selected health maintenance organizations on behalf of the participants. A health maintenance organization that has been approved to provide health-care services to employees and retired persons of the state under the Texas

> Employees Uniform Group Insurance Benefits Act (Article 3.50-2, Vernon's Texas Insurance Code) is qualified upon proper application to the institution to provide similar services to eligible employees and retired persons of any institution or agency under this Act located in the same area of the state. More stringent requirements may not be imposed on health maintenance organizations under this Act than are imposed by the state or by the federal government. (Emphasis added).

Ins. Code art. 3.50-3, §4(b)(4)(D)(iv).

You ask whether the section requires an institution to consider applications from all HMOs approved by the state or federal governments rather than just those that have been approved to provide health-care services pursuant to the Texas Employees Group Insurance Benefits Act to state employees and retirees of agencies other than agencies of higher education. Ins. Code art. 3.50-2.

This statutory provision is unambiguous. In such a case, we do not refer to the canons of statutory construction to determine the intent of the legislature; rather, it is our duty merely to read the plain language of the statute. Board of Insurance Commissioners of Texas v. Guardian Life Insurance Co., 180 S.W.2d 906 (Tex. 1944); Mrs. Tucker's Foods, Inc. v. Calvert, 296 S.W.2d 787 (Tex. Civ. App. - Austin 1956, writ ref'd n.r.e.); 53 Tex. Jur. 2d Statutes §123 (1964). The only possible construction of section 4(b)(4)(D)(iv) requires an institution to consider applications from HMOs that are approved by state or federal governments to offer services in Texas. An institution may obtain a list of such approved HMOs from the Insurance Board. Ins. Code art. 3.50-3, §4(D)(i). An HMO need not also be approved to offer services to state employees, other than those who work for public colleges and universities, in order to be eligible to compete to offer services to public college and university employees, although the statute clearly contemplates that such HMOs may submit applications to offer services to public college and university employees.

You also ask whether an institution must contract with all approved HMOs that make application to provide service, or whether the institution can select from among the eligible applicants.

The plain meaning of the statute is evident on this point also: "The institution shall select and contract for services performed by health maintenance organizations that are approved. . . ." Ins. Code art. 3.50-3, §4(b)(4)(D)(iv). "Select" means to "choose from a number or group by fitness, excellence, or other distinguishing characteristics." Webster's Third New International Dictionary 2058 (1961). The statute specifies that a competitive bidding process will be used to determine which provider should be chosen to provide health care services. Ins. Code art. 3.50-3, §4(b)(4)(D)(i-iii) (with the exception of HMOs already approved to offer services to state employees outside of higher education). If the statute required that all applications from approved HMO providers be accepted, then the statutory specification of a competitive bidding process would be pointless.

## S U M M A R Y

The Texas State College and University Employees Uniform Insurance Benefits Act, article 3.50-3 of the Insurance Code, requires an institution or agency subject to its provisions to consider applications to provide health care service from all health maintenance organizations approved by the state or federal governments.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General