**CRIMINAL DISTRICT ATTORNEY, TYLER COUNTY, Texas, Appellant,**

v.

**COMMISSIONERS' COURT OF TYLER COUNTY, Texas, Appellee.**

No. 09–87–249 CV.

Court of Appeals of Texas, Beaumont.

June 30, 1988.

Rehearing Denied July 12, 1988.

Patrick O. Hardy, Criminal Dist. Atty., Woodville, for appellant.

Jerome P. Owens, John E. Kinney, Woodville, for appellee.

## OPINION

DIES, Chief Justice.

On September 14, 1987, the Commissioners' Court of Tyler County cut the Criminal District Attorney's budget $15,014. Thereafter, the latter filed a petition for writ of mandamus, which was denied. Appeal has been perfected to this court by the District Attorney. The parties herein will be referred to as Appellant and Appellee.

Appellant's first point of error urges Appellee's answer was inadequate because it was not verified.

Paragraph I of Appellee's original answer was verified by the Commissioner of Precinct 4. This paragraph alleged that Appellant lacked standing to bring this suit because it was his duty to represent the Commissioners' Court and that the question of Appellant's budget was discretionary with the Appellee. Later, the other Commissioners and the County Judge filed affidavits that Paragraph I of the answer was true. While there is language in Texas law [1] that the unverified general denial can be given no effect in a mandamus suit, the Texas cases do not appear to be quite that settled. *See Watkins v. Kirchain*, 10 Tex. 375, 379 (1853); *Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex.Crim.App.1982); *Hays v. Kessler*, 564 S.W.2d 496 (Tex.Civ. App.—Dallas 1978, no writ).

---

1. *See* 38 TEX.JUR.3d *Mandamus* sec. 199 (1985)   and authorities cited.

And, we take judicial notice that, since the expansion of our jurisdiction in writs of mandamus, many are directed against judges who often are too busy to answer at all. Here, however, we do not have simply a general denial, but also specific pleading contentions, and one paragraph which is verified. We believe Appellee's answer sufficiently traversed Appellant's petition, and thus overrule the first point of error.

Point of error number two states:

"The trial court erred in not granting Plaintiff's Motion for Judgement N.O.V. because Defendant brought forth no evidence or insufficient evidence to rebutt Plaintiff's evidence that the $15,014.00 budget cut would decrease the effectiveness of law enforcement and decrease funds available to prosecution."

Appellant presented several witnesses who opined that a budget cut would reduce the effectiveness of law enforcement.

*TEX.LOCAL GOV'T CODE ANN. sec. 111.008(b)* (Vernon Pamph. 1988) states:

"The commissioners court may make any changes in the proposed budget that it considers warranted by the law and required by the interest of the taxpayers."

The statutes also provide that the County Judge shall propose a county budget for consideration by the Commissioners' Court and hold public hearing on the budget. *TEX.LOCAL GOV'T CODE ANN. secs. 111.003–111.007* (Vernon Pamph. 1988).

The Professional Prosecutors Act, which became effective August 27, 1979, in *Section 6* thereof stated:

"It is the purpose of this Act to increase funds available for use in prosecution. The commissioners court in each county that has a district attorney governed by this Act shall provide the funds necessary to effectuate the purpose of this Act and shall continue to provide funds for the office of the district attorney in an amount that is equal to or greater than the amount of funds provided for the office by the county on the

effective date of this Act. This provision does not apply to local supplementation to the salary of the district attorney." Professional Prosecutors Act, Ch. 705, sec. 6, 1979 Tex.Gen.Laws 1709, 1710.

In 1979, the duties presently discharged by the office of the Criminal District Attorney of Tyler County were discharged by the County Attorney for Tyler County, and by the District Attorney for the 88th Judicial District. The present office was created (effective) September 1, 1983. As of January 1, 1985, the County Attorney's office was abolished and the Criminal District Attorney was given both felony and misdemeanor responsibilities. It is Appellant's contention that the "floor" date of budget for his office then, as per the statute above quoted, is 1983, which would invalidate the proposed budget cut (but not if 1979 is the "floor" date).

*TEX.GOV'T CODE ANN. sec. 46.006* (Vernon 1988),[2] effective September 1, 1985, in part, states:

"(b) The commissioners court in each county that has a prosecutor subject to this chapter shall provide the funds necessary to carry out the purpose of this chapter and shall continue to provide funds for the office of the prosecutor in an amount that is equal to or greater than the amount of funds provided for the office by the county on August 27, 1979...."

So, clearly, the Code now establishes the "floor" date as 1979. Appellant argues that the enactment portion of the Code gives the legislative intent as: "This Act is intended as a recodification only and no substantive change in the law is intended by this Act." But whether intended or not by the legislature, clearly a substantive change was made by the Code, and we are governed by the law *as it now stands. See Commissioners' Court of Caldwell v. Crim. Dist. Atty,* 690 S.W.2d 932 (Tex.App. —Austin 1985, writ ref'd n.r.e.); *McBride*

---

**2.** *TEX.GOV'T CODE ANN. sec. 46.006* is the codification of section 6 of the Professional Prosecutors Act, cited above.

*v. Clayton,* 140 Tex. 71, 166 S.W.2d 125 (1942). This point is overruled.

Appellant has a final point contesting what he believes is a ruling of the costs against him personally. In oral argument Appellee stated the costs should be ruled against the office, which is so ordered. With this exception, the judgment of the trial court is affirmed.

Affirmed.