heading for mandamus 



OPINION



No. 04-04-00353-CV



IN RE Jeff CORTEZ



Original Mandamus Proceeding (1)



Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice

 

Delivered and Filed: July 14, 2004 


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED


 In this original proceeding, relator Jeff Cortez seeks an order requiring the trial court
to delete the words "DAY FOR DAY" from the judgment sentencing him to six months in
jail for possession of marijuana. Because the trial court has no authority to issue a sentence
that limits the operation of statutes governing good time credit, we conditionally grant the
petition for writ of mandamus.


 

Background

 Cortez was convicted of possession of marijuana and placed on community
supervision (probation). The trial court later revoked Cortez's probation and sentenced him
to six months in jail. At the very top of the document, the judgment states "REVOCATION
OF PROBATION - DAY FOR DAY." (2) Cortez argues the "DAY FOR DAY" language will
prevent him from receiving good time credit from the sheriff in violation of article 42.032
of the Texas Code of Criminal Procedure. (3) The State responds that Cortez lacks standing to
bring this claim and mandamus is not available for relief in these circumstances because
Cortez failed to appeal the inclusion of the disputed phrase. The State also argues the
petition is moot because the sheriff does not interpret the phrase "DAY FOR DAY" to
interfere with his discretion to assess good time credit if warranted.

Discussion

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). Mandamus is appropriate when the trial court acts outside its
authority, even though the action could also have been challenged by appeal. See Kopeski
v. Martin, 629 S.W.2d 743, 745 (Tex. Crim. App. 1982, orig. proceeding) (taking jurisdiction
of mandamus proceeding where trial court acted outside its authority). The trial court has
no authority to place a limit on the operation of statutes governing good time credit. Id.;
Jones v. State, 01-02-01052-CR, 2004 WL 1232619, at *3-4 (Tex. App.-Houston [1st Dist.]
June 3, 2004, no pet. h.) (not designated for publication); Ex parte Sandoval, 01-93-0624-CR, 1993 WL 381542, at *1 (Tex. App.-Houston [1st Dist.] September 23, 1993, no pet.)
(not designated for publication); Ex parte Hall, 838 S.W.2d 674, 676 (Tex. App.-Dallas
1992, no pet.). (4) Because mandamus relief may be appropriate in these circumstances, we
address the issue of Cortez's standing to complain of the trial court's action.

 The State argues that Cortez has no standing to bring this proceeding because the
discretion to award good time credit belongs solely to the sheriff. See Tex. Code Crim.
Proc. Ann. art. 42.032, § 3. The fact that good time credit is awarded at the sheriff's
discretion is not conclusive of whether Cortez has standing to object if the trial court has
improperly interfered with that discretion. "Standing consists of some interest peculiar to
the person individually and not as a member of the general public." Hunt v. Bass, 664
S.W.2d 323, 324 (Tex. 1984); accord House v. State, 947 S.W.2d 251, 252 (Tex. Crim. App.
1997) (petitioner must show the complained of action affects his substantial rights); Fuller
v. State, 829 S.W.2d 191, 201 (Tex. Crim. App. 1992) (citing Hunt v. Bass). Although
Cortez has no absolute right to good time credit, that decision being within the discretion of
the sheriff, Cortez does have the right to be considered for good time credit. See Kopeski,
629 S.W.2d at 745. The infringement of this statutory right is sufficient to confer standing.
We turn now to the merits of Cortez's petition. 

 For a prisoner in the county jail, only the sheriff has the discretion to determine
whether that prisoner is entitled to good time credit. Kopeski, 629 S.W.2d at 745. (5) In
Sandoval, the First Court of Appeals considered a similar case in which the petitioner argued
the phrase "day for day" required a computation that one day served counts only as one day
served, excluding any calculation that considers "good time" credit. Sandoval, 1993 WL
381542, at *1. The First Court agreed and reformed the judgment of conviction because the
order for the defendant "to serve day for day" interfered with the sheriff's discretion to give
credit for good time. Id. 

 In this case, the judgment does not specify that Cortez is ordered to serve his sentence
day for day. The only place those words appear is at the top of the judgment. There is no
specific date for the sentence to end. However, to the extent the heading "DAY FOR DAY"
can be construed as a limitation on Cortez's eligibility for good time credit, the language is
not authorized.

 The State argues the issue is moot because the sheriff's affidavit affirms that he does
not interpret the "DAY FOR DAY" phrase as limiting his discretion to award good time
credit. (6) The sheriff's opinion is not binding on this court. The possibility remains that the
sheriff may be replaced or may change his mind. Cortez's statutory rights are jeopardized
as long as the language of the judgment is subject to an interpretation that deprives him of
any eligibility for good time credit. We recognize Cortez has not shown that he has lost good
time credit to date; however, the trial court overstepped its authority and the resulting
limitation on Cortez's right to be considered for good time credit is void. See Sandoval,
1993 WL 381542, at *1 (noting there is no evidence petitioner has yet accrued good time
credit, but granting mandamus relief because the trial court's order has the effect of making
it impossible for the defendant to ever receive good time credit). 

 Because the inclusion of the phrase "DAY FOR DAY" in the judgment is outside the
trial court's authority, we conditionally grant the writ and expect that the trial court will
modify its judgment to delete the objectionable language within twenty days of our opinion.
If the trial court fails to comply, we will issue the writ. 


 Paul W. Green, Justice

1. This proceeding arises out of Cause No. 824295, styled State of Texas v. Jeff Cortez, pending in the County
Court at Law No. 1, Bexar County, Texas, the Honorable Al Alonso presiding.
2. In his appendix, Cortez also attached a certified copy of a form titled "COURT DIRECTIVE" which is
apparently filed in the clerk's record of this case. Across the face of the form is written, by hand, "DAY FOR DAY"
and "180 DAY FOR DAY." There is an additional handwritten notation that is illegible. The form has no case
number, case name, signature, or any other indication that it is directed to the sheriff in this case. We hold the
unsigned, incomplete form has no effect in this case.
3. Tex. Code Crim. Proc. Ann. art. 42.032 (Vernon Supp. 2004).
4. We overrule the State's objection that mandamus relief is not available in this case.
5. For example, a judgment of conviction that specifies a particular ending date for a sentence is outside the
authority of the trial court. Id. (sentence specified to run from 1/4/82 until 1/25/82 was not authorized by law giving
the sheriff discretion to calculate good time).
6. The affidavit was submitted with the State's response in this court. We may consider material outside the
record only to the extent necessary to determine our jurisdiction. Sabine Offshore Serv., Inc. v. City of Port Arthur,
595 S.W.2d 840, 841 (Tex. 1979). Mootness is a jurisdictional issue. Id.