### Ex parte Michael B. ROOSTH.

### No. 94–0154.

Supreme Court of Texas.

June 2, 1994.

Rehearing Overruled Sept. 8, 1994.

Shawn Casey, Houston, for relator.

Judy Kaderka (Przyborski) (Warne), Earle S. Lilly, Houston, for respondent.

### PER CURIAM.

The trial court found relator in contempt for failure to pay child support and sentenced him to 180 days in the Harris County jail. Although the sentence was punitive rather than coercive, the trial court did not require proof beyond a reasonable doubt of relator's ability to make the support payments. The commitment order also purported to deny relator credit for good behavior. We released relator on bond pending final disposition of his petition. We grant in part the petition for writ of habeas corpus.

Relator claims that the trial court imposed a criminal sentence without due process of law. Due process requires that an alleged criminal contemnor not shoulder the burden of persuasion to disprove an element of the offense of contempt. *Hicks v. Feiock,* 485 U.S. 624, 632–33, 108 S.Ct. 1423, 1429–30,

---

99 L.Ed.2d 721 (1988). However, whether ability to pay court-ordered child support is an element of the offense of contempt, or is instead an affirmative defense to that charge, is a question left to state law. *See id.* at 629, 641 n. 13, 108 S.Ct. at 1428, 1434 n. 13. In Texas, inability to pay child support is an affirmative defense to the offense of contempt that must be proved by a preponderance of the evidence. TEX.FAM.CODE ANN. § 14.40(g), (h) (Vernon Supp.1994); *Ex Parte Johns,* 807 S.W.2d 768, 772 (Tex.App.—Dallas 1991, orig. proceeding) (distinguishing *Hicks* ). The burden of proof and evidentiary standard imposed by the trial court under section 14.40(g), (h) are consistent with due process.

■ The trial court found relator in contempt for failure to pay child support on three separate occasions and sentenced him on each count to incarceration for sixty days without reduction for good behavior. A trial court has no authority to limit the operation of the good behavior credit. *Kopeski v. Martin,* 629 S.W.2d 743, 745 (Tex.Crim.App. 1982); *cf. Ex Parte Acly,* 711 S.W.2d 627, 628 (Tex.1986). We hold that the phrase "with no reduction of sentence for good behavior," appearing in each count of the commitment order, is void. The commitment order and judgment are otherwise valid in every respect. *See generally Kubena v. Hatch,* 144 Tex. 627, 193 S.W.2d 175, 177 (1946). We presume that the sheriff will properly exercise his discretion and give relator credit for good behavior if appropriate. *See* TEX.CODE CRIM.PROC.ANN. art. 42.032 (Vernon Supp. 1994).

Accordingly, pursuant to Texas Rule of App. Procedure 122, a majority of the court grants in part the petition for writ of habeas corpus, such that the provision barring good behavior credit is stricken. All other requested relief is denied; we revoke relator's bond and remand him to the custody of the Harris County sheriff to serve the remainder of his sentence.