11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
In re Jennifer Beavers
            No. 11-05-00070-CV -- Original Habeas Corpus Proceeding
 
            This is an original habeas corpus proceeding. The trial court held Jennifer Beavers in
contempt for failure to pay child support as ordered. Beavers filed a petition for writ of habeas of
corpus with this court. We set a bond and have received a response from James Carlton Vessels, the
respondent. The petition is granted in part and denied in part.  
            Beavers and Vessels were divorced in 2003. The May 20, 2003, written divorce decree
provided that Beavers pay child support in the amount of $423.17 per month for the couple’s three
children. During a hearing on February 18, 2004, the trial court modified the terms of child support
in an effort to accommodate Beavers’s plans to attend nursing school. The modifications were
conditioned on Beavers’s enrollment in school. 
            On December 7, 2004, Vessels filed a motion for enforcement and requested that Beavers
be held in contempt for failure to comply with the trial court’s orders. After a hearing, the trial court
found that Beavers was not enrolled in school and that she had failed to pay the original May 20,
2003, court-ordered payments of $423.17 for the months of August, September, October, and
November of 2004. The trial court then held Beavers in contempt for each violation, assessed
confinement for each violation at confinement in the Ector County Jail for 180 days, and ordered that
the sentences run concurrently. The trial court informed the Ector County Sheriff by letter that
Beavers’s sentence was “to be served DAY FOR DAY.”
            In her petition for writ of habeas corpus, Beavers argues that the February 18, 2004,
modifications on child support were not sufficiently specific to be enforceable. We agree; however,
we note that these modifications were conditioned on Beavers’s enrollment in school, that it was
undisputed that Beavers was not enrolled in school, and that the trial court held Beavers in contempt
of the original order not the modified order. No complaints have been made regarding the original
order. Beavers’s first and second issues are overruled.
            In her third issue, Beavers argues that the trial court improperly attempted to limit any good
time that she might accrue by notifying the sheriff that Beavers serve the 180 days “DAY FOR
DAY.” We agree. The Texas Supreme Court stated in Ex parte Roosth, 881 S.W.2d 300, 301
(Tex.1994)(orig. proceeding), that a trial court “has no authority to limit the operation of the good
behavior credit.” 
            Vessels concedes in his response that he failed to allege nonpayment for the months of
August and September of 2004. Relief shall be granted as to these two months.
            The petition for writ of habeas corpus is granted in part in that the trial court cannot require
that the sentence “be served DAY FOR DAY.” The granting of good time credits is with the proper
discretion of the sheriff. Ex parte Roosth, supra. Further, the findings that Beavers is in contempt
for failure to pay for August of 2004 and for September of 2004 are deleted from the February 17,
2005, contempt order. In all other respects, the petition for writ of habeas corpus is denied. The
bond is revoked, and Jennifer Beavers is remanded to the custody of the Ector County Sheriff.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
June 16, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.