

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-079-CV

IN RE BRIAN DURANT                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

On March 10, 2009, the trial court signed an order finding Brian Durant in contempt of the trial court's June 10, 2005 Agreed Final Decree of Divorce for failing to return his daughter K.E.D. to her mother, Real Party in Interest Jennifer Durant, at the conclusion of Brian's court-ordered 2008 Christmas visitation on December 26, 2008 at 12:00 p.m. Brian was ordered confined in the Parker County Jail beginning on March 13, 2009 for ninety-six consecutive hours of his sixty-day sentence, the remainder of which would be probated for

---

[1] *See* Tex. R. App. P. 47.4.

a period of five years. Also on March 10, 2009, the trial court signed an order committing Brian to jail for a term of "four (4) days, 96 straight, continuous hours in jail," beginning on or before 6:00 p.m. on Friday, March 13, 2009.

On March 12, 2009, Brian filed a petition for writ of habeas corpus seeking release from the Parker County Jail and asking that the trial court's March 10, 2009 Order of Contempt and Commitment ("the contempt order") be declared void. After the petition was filed, this court ordered Brian released on a $100.00 bond pending the outcome of this original proceeding.[2] We grant habeas corpus relief in part and deny it in part.

An original habeas corpus proceeding is a collateral attack on the contempt judgment.[3] A writ of habeas corpus will issue when the relator has not been afforded due process or when the order requiring confinement is void.[4] Guilt or innocence of the relator is not an issue; the only issue concerns the lawfulness of the relator's imprisonment.[5] If this court concludes that Brian

---

[2] *See* Tex. R. App. P. 52.8(b)(3).

[3] *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); *In re Bielefeld*, 143 S.W.3d 924, 927 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh'g).

[4] *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Mann*, 162 S.W.3d 429, 432 (Tex. App.—Fort Worth 2005, orig. proceeding).

[5] *See Henry*, 154 S.W.3d at 596; *Mann*, 162 S.W.3d at 432.

was deprived of his liberty without due process of law, or that the contempt and commitment orders are void, we must order his release.[6]

Brian argues that the contempt order is void and unenforceable because it violates section 157.166 of the Texas Family Code.[7] Specifically, Brian contends that the order fails to comply with section 157.166(b) because it does not set forth or copy the provisions of the order for which enforcement was sought, attach a copy of the order, or give the volume and page number of the minutes of the order to be enforced.[8] Section 157.166(b) of the family code provides,

> If the order imposes incarceration or a fine for criminal contempt, an enforcement order must contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt.[9]

The contempt order states that Brian violated the June 10, 2005 Agreed Final Decree of Divorce by willfully and intentionally failing to return K.E.D. to

---

[6] *See Henry*, 154 S.W.3d at 596; *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding).

[7] *See* Tex. Fam. Code Ann. § 157.166 (Vernon 2009).

[8] *See id.* § 157.166(b).

[9] *Id.*

Jennifer at 12:00 p.m. on December 26, 2008, at the conclusion of his court-ordered 2008 Christmas visitation. The contempt order also states that he did not return K.E.D. until 7:00 p.m. on December 26, 2008. Accordingly, the contempt order indicates that Brian violated the divorce decree provision requiring him to return K.E.D. to Jennifer at 12:00 p.m. on December 26, 2008, when he did not return her until approximately 7:00 p.m. on December 26, 2008. Because the contempt order identifies the provision of the divorce decree for which enforcement was requested and the date on which Brian's failure to comply with the divorce decree occurred, the contempt order comports with the requisites of section 157.166(b).[10]

Brian next argues that the contempt order is void and unenforceable because the divorce decree which he was found to have violated is not sufficiently specific. Specifically, Brian argues that there is a conflict between the specific Christmas holiday possession provisions and the general Thursday possession provisions. Brian notes that December 25, 2008 was a Thursday and that he is entitled to Thursday night visitation ending at the time K.E.D.'s school resumes on Friday at the school. He argues that the decree does not specify whether the Christmas possession supersedes the Thursday overnight

_____

[10] ... *See id.*

4

possession and that the conflicting visitation provisions render the divorce decree not sufficiently specific because he cannot read the decree and readily know what he is ordered "to do or not to do." Therefore, Brian argues, the order is void and unenforceable.

However, the divorce decree specifically states that conflicts between general and specific periods of possession are resolved in favor of the specific periods of visitation. In any event, we note that Brian failed to comply with either provision—the specific provision requiring him to return K.E.D. at 12:00 p.m. on December 26, 2008, or the general provision requiring him to return K.E.D. at the time her school resumed on Friday—by failing to return her until 7:00 p.m. on Friday. We therefore reject Brian's argument.

Brian next argues that the order is void and unenforceable because the trial court orally rendered its decision on February 23, 2009, but did not sign the contempt order until March 10, 2009. Brian contends that a contempt order must be signed by a judge within a "short and reasonable time" after the finding of contempt, and because the contempt order was not signed shortly after the oral rendition, the order is void and unenforceable.[11] Brian's argument is misplaced.

---

[11] _See Ex parte Cavillo Amaya_, 748 S.W.2d 224, 225 (Tex. 1988) (orig. proceeding).

5

The *Amaya* court held that a trial court has no authority to verbally order a person confined for contemptuous acts committed outside the presence of the court and, thereafter, unduly delay signing a contempt judgment and commitment order.[12] A trial court may cause a contemnor to be detained by the sheriff or other officer for a short and reasonable time while the judgment of contempt and the order of commitment are being prepared for the judge's signature.[13] Here, though, Brian was not confined on a verbal order by the trial court; he was confined only after the trial court signed the contempt and commitment orders. Moreover, it was Brian's counsel who sought the delay of incarceration during the February 23, 2009 hearing so that he could prepare this original proceeding. Accordingly, we reject this argument.

Brian also contends that the contempt order is void and unenforceable because it contains civil contempt language. Specifically, the contempt order states that Brian shall be incarcerated "until he has served the full term of this commitment order *and continuing for so long thereafter until such time as [he] has purged himself of his contemptuous conduct by full and complete compliance with the terms of this Order*." [Emphasis added.]

---

[12] *Id.* at 224.

[13] *Id.* at 225; *see also Ex parte Barnett*, 600 S.W.2d 252, 257 (Tex. 1980) (orig. proceeding).

6

Based on the hearing transcript, it is clear that the trial court held Brian in criminal contempt—there is no way that Brian could purge himself of his conduct of returning K.E.D. too late. Therefore, the civil contempt language, italicized above, is erroneous and void.[14] If a severable portion of a contempt or commitment order is void, an appellate court may strike the offending portion and deny relief as to the valid portion of the order.[15] Accordingly, we strike the challenged language.[16] That is, we delete "and continuing for so long thereafter until such time as [he] has purged himself of his contemptuous conduct by full and complete compliance with the terms of this Order." The challenged statement shall now read,

> IT IS FURTHER ORDERED that the Clerk of this Court shall immediately issue this commitment order . . . , ordering said Sheriff . . . to arrest the Respondent and physically place Respondent in the Parker County Jail located in Weatherford, Parker County, Texas, until he has served the full term of this commitment order.

---

[14] _See Henry_, 154 S.W.3d at 596; _Swate_, 922 S.W.2d at 124.

[15] _See Ex parte Roosth_, 881 S.W.2d 300, 301 (Tex. 1994) (orig. proceeding) (severing provision barring good behavior credit and denying relief as to remainder of order); _In re Zapata,_ 129 S.W.3d 775, 780 (Tex. App.—Fort Worth 2004, orig. proceeding) (deleting findings not supported by motion); _In re Patillo_, 32 S.W.3d 907, 909 (Tex. App.—Corpus Christi 2000, orig. proceeding); _In re Aarons_, 10 S.W.3d 833, 834 (Tex. App.—Beaumont 2000, orig. proceeding).

[16] _See Roosth_, 881 S.W.2d at 301.

7

Because of this disposition, we do not reach Brian's remaining arguments regarding this challenged statement.

Brian also argues that the order is vague and ambiguous because it could be read to require his incarceration until K.E.D. is eighteen years old, which would be when he had fully complied with the divorce decree. Specifically, he challenges the following provisions:

> IT IS ORDERED that after Respondent has served 96 consecutive hours of the said 60 day sentence in the Parker County Jail, Respondent shall then be released from jail and placed on probation for a period of 5 years *pending Respondent's full compliance . . . with EACH of the terms and conditions of this order as set out hereinbelow, to wit:*
>
>     1.    Respondent shall fully comply with each and every term of the parties' Agreed Final Decree of Divorce signed on June 10, 2005 together with *any and all modifications* of the said Agreed Final Decree of Divorce . . . . [Emphasis added.]

Judgments are construed and interpreted under the same rules as other written instruments.[17] Written instruments are to be read and interpreted reasonably.[18] The "pending" phrase immediately follows and therefore modifies "placed on probation." "Released from jail" has no modifiers. Accordingly, we

---

[17] *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971) (orig. proceeding).

[18] *See Westwind Exploration, Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d 378, 382 (Tex. 1985).

8

reject Brian's argument that his release from jail could be conditioned on him complying with the decree until K.E.D. reaches the age of majority.

Brian's complaints about the first enumerated condition of probation, however, are another matter. To satisfy due process, a contempt order must clearly specify the punishment imposed by the court.[19] The first condition could be read to require full satisfaction of Brian's responsibilities under the decree within five years, even though the child is only seven years old. Also troubling, the condition requires obedience to all modifications to the decree without requiring that such modifications be valid. Accordingly, we delete the condition that "Respondent shall fully comply with each and every term of the parties' Agreed Final Decree of Divorce signed on June 10, 2005 together with any and all modifications of the said Agreed Final Decree of Divorce" as void.[20]

Brian does not challenge the remaining conditions of probation; therefore, we do not address them.

---

[19] *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex. 1997) (orig. proceeding).

[20] *See Henry*, 154 S.W.3d at 596; *Swate*, 922 S.W.2d at 124; *Roosth*, 881 S.W.2d at 301.

9

We grant Brian's requested habeas corpus relief to the extent that we sever the void provisions as detailed above. We deny all other relief, lift our order of March 13, 2009, and remand Brian Durant to the custody of the Parker County Sheriff.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED: September 10, 2009