COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-079-CV

 

 

IN RE BRIAN DURANT                                                             RELATOR

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On March 10, 2009, the trial court signed an
order finding Brian Durant in contempt of the trial court=s June
10, 2005 Agreed Final Decree of Divorce for failing to return his daughter
K.E.D. to her mother, Real Party in Interest Jennifer Durant, at the conclusion
of Brian=s court‑ordered
2008 Christmas visitation on December 26, 2008 at 12:00 p.m.  Brian was ordered confined in the Parker
County Jail beginning on March 13, 2009 for ninety-six consecutive hours of his
sixty‑day sentence, the remainder of which would be probated for a period
of five years.  Also on March 10, 2009,
the trial court signed an order committing Brian to jail for a term of Afour (4)
days, 96 straight, continuous hours in jail,@
beginning on or before 6:00 p.m. on Friday, March 13, 2009.

On March 12, 2009, Brian filed a petition for
writ of habeas corpus seeking release from the Parker County Jail and asking
that the trial court=s March 10, 2009 Order of
Contempt and Commitment (Athe contempt order@) be
declared void.  After the petition was
filed, this court ordered Brian released on a $100.00 bond pending the outcome
of this original proceeding.[2]  We grant habeas corpus relief in part and
deny it in part.








An original habeas corpus proceeding is a
collateral attack on the contempt judgment.[3]  A writ of habeas corpus will issue when the
relator has not been afforded due process or when the order requiring
confinement is void.[4]  Guilt or innocence of the relator is not an
issue; the only issue concerns the lawfulness of the relator=s
imprisonment.[5]  If this court concludes that Brian was
deprived of his liberty without due process of law, or that the contempt and
commitment orders are void, we must order his release.[6]

Brian argues that the contempt order is void and
unenforceable because it violates section 157.166 of the Texas Family Code.[7]  Specifically, Brian contends that the order
fails to comply with section 157.166(b) because it does not set forth or copy
the provisions of the order for which enforcement was sought, attach a copy of
the order, or give the volume and page number of the minutes of the order to be
enforced.[8]  Section 157.166(b) of the family code
provides,

If the order imposes
incarceration or a fine for criminal contempt, an enforcement order must
contain findings identifying, setting out, or incorporating by reference the
provisions of the order for which enforcement was requested and the date of
each occasion when the respondent=s
failure to comply with the order was found to constitute criminal contempt.[9]








The contempt order states that Brian violated the
June 10, 2005 Agreed Final Decree of Divorce by willfully and intentionally
failing to return K.E.D. to Jennifer at 12:00 p.m. on December 26, 2008, at the
conclusion of his court‑ordered 2008 Christmas visitation.  The contempt order also states that he did
not return K.E.D. until 7:00 p.m. on December 26, 2008.  Accordingly, the contempt order indicates
that Brian violated the divorce decree provision requiring him to return K.E.D.
to Jennifer at 12:00 p.m. on December 26, 2008, when he did not return her
until approximately 7:00 p.m. on December 26, 2008.  Because the contempt order identifies the
provision of the divorce decree for which enforcement was requested and the
date on which Brian=s failure to comply with the
divorce decree occurred, the contempt order comports with the requisites of
section 157.166(b).[10]








Brian next argues that the contempt order is void
and unenforceable because the divorce decree which he was found to have
violated is not sufficiently specific. 
Specifically, Brian argues that there is a conflict between the specific
Christmas holiday possession provisions and the general Thursday possession
provisions.  Brian notes that December
25, 2008 was a Thursday and that he is entitled to Thursday night visitation
ending at the time K.E.D.=s school resumes on Friday at
the school.  He argues that the decree
does not specify whether the Christmas possession supersedes the Thursday
overnight possession and that the conflicting visitation provisions render the
divorce decree not sufficiently specific because he cannot read the decree and
readily know what he is ordered Ato do or
not to do.@ 
Therefore, Brian argues, the order is void and unenforceable.

However, the divorce decree specifically states
that conflicts between general and specific periods of possession are resolved
in favor of the specific periods of visitation. 
In any event, we note that Brian failed to comply with either provisionCthe
specific provision requiring him to return K.E.D. at 12:00 p.m. on December 26,
2008, or the general provision requiring him to return K.E.D. at the time her
school resumed on FridayCby failing to return her until
7:00 p.m. on Friday.  We therefore reject
Brian=s
argument.

Brian next argues that the order is void and
unenforceable because the trial court orally rendered its decision on February
23, 2009, but did not sign the contempt order until March 10, 2009.  Brian contends that a contempt order must be
signed by a judge within a Ashort
and reasonable time@ after the finding of contempt,
and because the contempt order was not signed shortly after the oral rendition,
the order is void and unenforceable.[11]  Brian=s
argument is misplaced.








The Amaya court held that a trial court
has no authority to verbally order a person confined for contemptuous acts
committed outside the presence of the court and, thereafter, unduly delay
signing a contempt judgment and commitment order.[12]  A trial court may cause a contemnor to be
detained by the sheriff or other officer for a short and reasonable time while
the judgment of contempt and the order of commitment are being prepared for the
judge=s
signature.[13]  Here, though, Brian was not confined on a
verbal order by the trial court; he was confined only after the trial court
signed the contempt and commitment orders. 
Moreover, it was Brian=s
counsel who sought the delay of incarceration during the February 23, 2009
hearing so that he could prepare this original proceeding.  Accordingly, we reject this argument.

Brian also contends that the contempt order is
void and unenforceable because it contains civil contempt language.  Specifically, the contempt order states that
Brian shall be incarcerated Auntil he
has served the full term of this commitment order and continuing for so long
thereafter until such time as [he] has purged himself of his contemptuous
conduct by full and complete compliance with the terms of this Order.@
[Emphasis added.]








Based on the hearing transcript, it is clear that
the trial court held Brian in criminal contemptCthere is
no way that Brian could purge himself of his conduct of returning K.E.D. too
late.  Therefore, the civil contempt
language, italicized above, is erroneous and void.[14]  If a severable portion of a contempt or
commitment order is void, an appellate court may strike the offending portion
and deny relief as to the valid portion of the order.[15]  Accordingly, we strike the challenged
language.[16]  That is, we delete Aand
continuing for so long thereafter until such time as [he] has purged himself of
his contemptuous conduct by full and complete compliance with the terms of this
Order.@  The challenged statement shall now read,

IT IS FURTHER ORDERED
that the Clerk of this Court shall immediately issue this commitment order
. . . , ordering said Sheriff . . . to arrest the
Respondent and physically place Respondent in the Parker County Jail located in
Weatherford, Parker County, Texas, until he has served the full term of this
commitment order.








Because of this disposition, we do not reach
Brian=s
remaining arguments regarding this challenged statement.

Brian also argues that the order is vague and
ambiguous because it could be read to require his incarceration until K.E.D. is
eighteen years old, which would be when he had fully complied with the divorce
decree.  Specifically, he challenges the
following provisions: 

IT IS ORDERED that after Respondent has served 96
consecutive hours of the said 60 day sentence in the Parker County Jail,
Respondent shall then be released from jail and placed on probation for a
period of 5 years pending Respondent=s full
compliance . . . with EACH of the terms and conditions of this order
as set out hereinbelow, to wit:

1.     Respondent shall fully comply with each and every term of the
parties= Agreed
Final Decree of Divorce signed on June 10, 2005 together with any and all
modifications of the said Agreed Final Decree of Divorce . . . .
[Emphasis added.] 








Judgments are construed and interpreted under the
same rules as other written instruments.[17]  Written instruments are to be read and
interpreted reasonably.[18]  The Apending@ phrase
immediately follows and therefore modifies Aplaced
on probation.@ 
AReleased
from jail@ has no modifiers.  Accordingly, we reject Brian=s
argument that his release from jail could be conditioned on him complying with
the decree until K.E.D. reaches the age of majority.

Brian=s
complaints about the first enumerated condition of probation, however, are
another matter.  To satisfy due process,
a contempt order must clearly specify the punishment imposed by the court.[19]  The first condition could be read to require
full satisfaction of Brian=s
responsibilities under the decree within five years, even though the child is
only seven years old.  Also troubling,
the condition requires obedience to all modifications to the decree without
requiring that such modifications be valid. 
Accordingly, we delete the condition that ARespondent
shall fully comply with each and every term of the parties= Agreed
Final Decree of Divorce signed on June 10, 2005 together with any and all modifications
of the said Agreed Final Decree of Divorce@ as
void.[20]

Brian does not challenge the remaining conditions
of probation; therefore, we do not address them.








We grant Brian=s
requested habeas corpus relief to the extent that we sever the void provisions
as detailed above.  We deny all other
relief, lift our order of March 13, 2009, and remand Brian Durant to the
custody of the Parker County Sheriff.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and GARDNER, JJ. 

DELIVERED:  September 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P.
52.8(b)(3).





[3]See Ex parte Rohleder, 424 S.W.2d 891, 892
(Tex. 1967) (orig. proceeding); In re Bielefeld, 143 S.W.3d 924, 927
(Tex. App.CFort Worth 2004, orig.
proceeding) (op. on reh=g).





[4]In re Henry, 154 S.W.3d 594, 596
(Tex. 2005) (orig. proceeding); In re Mann, 162 S.W.3d 429, 432 (Tex.
App.CFort Worth 2005, orig.
proceeding).





[5]See Henry, 154 S.W.3d at 596; Mann,
162 S.W.3d at 432.





[6]See Henry, 154 S.W.3d at 596; Ex
parte Swate, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding); In re
Alexander, 243 S.W.3d 822, 824 (Tex. App.CSan Antonio 2007, orig.
proceeding).





[7]See Tex. Fam. Code Ann. ' 157.166 (Vernon
2009).





[8]See id. ' 157.166(b).





[9]Id.





[10]See id.





[11]See Ex parte Cavillo
Amaya,
748 S.W.2d 224, 225 (Tex. 1988) (orig. proceeding).





[12]Id. at 224.





[13]Id. at 225; see also Ex
parte Barnett, 600 S.W.2d 252, 257 (Tex. 1980) (orig. proceeding).





[14]See Henry, 154 S.W.3d at 596; Swate,
922 S.W.2d at 124.





[15]See Ex parte Roosth, 881 S.W.2d 300, 301
(Tex. 1994) (orig. proceeding) (severing provision barring good behavior credit
and denying relief as to remainder of order); In re Zapata, 129 S.W.3d
775, 780 (Tex. App.CFort Worth 2004, orig.
proceeding) (deleting findings not supported by motion); In re Patillo,
32 S.W.3d 907, 909 (Tex. App.CCorpus Christi 2000, orig. proceeding); In re
Aarons, 10 S.W.3d 833, 834 (Tex. App.CBeaumont 2000, orig. proceeding).





[16]See Roosth, 881 S.W.2d at 301.





[17]See Lone Star Cement
Corp. v. Fair, 467 S.W.2d 402, 404B05 (Tex. 1971) (orig. proceeding).





[18]See Westwind Exploration,
Inc. v. Homestate Sav. Ass'n, 696 S.W.2d 378, 382 (Tex. 1985).





[19]Ex parte Shaklee, 939 S.W.2d 144, 145
(Tex. 1997) (orig. proceeding).





[20]See Henry, 154 S.W.3d at 596; Swate,
922 S.W.2d at 124; Roosth, 881 S.W.2d at 301.