Petition for Writ of Habeas
Corpus Granted and Memorandum Opinion filed January 13, 2011.

 

            

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01030-CV

____________

 

IN RE JOHNNIE L. STEIN, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 

 

 



O P I N I
O N

            On October 22, 2010, relator, Johnnie L. Stein, filed a
petition for writ of habeas corpus challenging the validity of his commitment
to jail following a hearing on a motion for enforcement of child support.  See
Tex. Gov’t Code Ann. § 22.221(d) (Vernon 2004); see also Tex. R. App.
52.  We ordered relator released upon the posting of a bond pending a decision
in this case.  A response was requested from the real party in interest, D.C.
Stein, to be filed on or before November 29, 2010.  As of this date, no
response has been filed.  

An original habeas corpus proceeding is a collateral attack
on a contempt judgment.  Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex.
1967).  The purpose of a writ of habeas corpus is not to determine the guilt of
the contemnor, but only to determine whether he was afforded due process of law
or if the order of contempt was void.  Ex parte Gordon, 584 S.W.2d 686,
688 (Tex. 1979).  A court will issue a writ of habeas corpus if the order
underlying the contempt is void, Ex parte Shaffer, 649 S.W.2d 300, 302
(Tex. 1983), or if the contempt order itself is void.  Gordon, 584 S.W.2d
at 688.  An order is void if it is beyond the power of the court to enter it,
or if it deprives the relator of liberty without due process of law.  Ex
parte Barlow, 899 S.W.2d 792, 794 (Tex. App.—Houston [14th Dist.] 1995,
orig. proceeding).

Relator first contends the commitment order is void.  The
order is insufficient as a commitment order because it fails to direct the
sheriff or other ministerial officer to take relator into custody and detain
him under the terms of the contempt order.  See Ex parte Hernandez, 827
S.W.2d 858 (Tex. 1992); In re Zapata, 129 S.W.3d 775, 779-80 (Tex. App.
– Fort Worth 2004, orig. proceeding).  Accordingly, relator is being illegally
restrained.

Relator further argues the criminal contempt sentence is
void.  In its order, the trial court held relator in criminal contempt for
failing to pay child support “in the amounts and on the dates shown . . .” 
November 2009 is one of the dates listed.  However, the order reflects relator
paid the full amount of child support for that month.  The trial court ordered
relator confined “for all violations” for a period of 179 days.  “‘If one
punishment is assessed for multiple acts of contempt, and one of those acts is
not punishable by contempt, the entire judgment is void.’”  In re Henry,
154 S.W.3d 594, 598 (Tex. 2005) (quoting Ex parte Davila, 718 S.W.2d
281, 282 (Tex 1986)).  We therefore find the order of criminal contempt is
void.

In his final argument, relator claims the civil contempt
sentence is also void.  The trial court found relator in civil contempt and
ordered him confined until he complies certain orders, the first of which is to
“pay $11,738.58, through the Harris County Child Support Division, as
child-support arrearage (including any accrued interest) . . .”  The order also
provides, however:

Payment of Child Support
and Child Support Arrearages

IT IS ORDERED
that all payments of child support shall be made through the state disbursement
unit at Texas Child Support Disbursement Unit, P.O. Box. 659791, San Antonio,
Texas, 78265-9791 . . ..

 

A commitment order containing coercive provisions must
specify in clear and unambiguous language what the imprisoned one is required
to do in order to be released. Ex parte Crawford, 684 S.W.2d 124 (Tex.
App. – Houston [14th Dist.] 1984, orig. proceeding).  The provisions in the
order regarding relator’s payment of child support arrearages create an
ambiguity that prevents relator from determining how he may obtain his release
because he is ordered to make payments through two different entities.  These
provisions are therefore void.[1] 
See In re Broussard, 112 S.W.3d 827, 839 (Tex. App. – Houston [14th
Dist.] 2003, orig. proceeding).  

For the reasons set forth above, we hold the trial court’s
October 1, 2010 order is void.  Accordingly, we grant relator=s petition for writ of habeas
corpus.  We further order relator released from the bond set by this court on October
22, 2010, and order relator discharged from custody.         

 

                                                                        PER
CURIAM

 

Panel consists of Justices
Seymore, Boyce, and Christopher.









[1]
Although void portions of a contempt order are capable of severance from the
valid portions of the order, other errors in the order render it void.  See
Broussard, 112 S.W.3d at 839 n. 3 (citing see Ex Parte Roosth, 881
S.W.2d 300, 301 (Tex. 1994) (orig. proceeding)).